UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CECILIA CALVO, individually,

    Plaintiff,

v.

MIDLAND FUNDING LLC,                    **JURY DEMAND**
a foreign limited liability company, and
MIDLAND CREDIT MANAGEMENT, INC.,
a foreign corporation,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff CECILIA CALVO alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") against Defendants MIDLAND FUNDING LLC and MIDLAND CREDIT MANAGEMENT, INC. Plaintiff alleges that Defendants incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and pre-recorded or artificial voice messages.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendants because the telephone calls forming the basis of this action were placed by the Defendants into this District, and because Defendants conduct business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendants within this District.

## PARTIES

5. Plaintiff CECILIA CALVO is a natural person and a citizen of the State of Florida, residing in Miami-Dade County, Florida. Said Plaintiff is the cellular account holder-owner and has dominion over the cellular telephone that Defendant was calling.

6. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("Midland Credit Management") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection on behalf of Defendant MIDLAND FUNDING LLC and operates from offices located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108; Plaintiff further alleges that Midland Credit Management is a citizen of both the State of California and the State of Kansas.

7. Defendant MIDLAND FUNDING LLC ("Midland Funding") is a debt buyer that purchases charged-off debts from creditors and pursues these debts from consumers in conjunction with Defendant Midland Credit Management. Defendant Midland Funding also operates from offices located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108; Plaintiff further alleges that Midland Funding is a citizen of both the State of California and the State of Delaware.

## FACTUAL ALLEGATIONS

8. Prior to September, 2007, the Plaintiff owned and used a cellular telephone with wireless service provided by T-Mobile, a large provider of cellular telephone services in America.

9. In September, 2007, the Plaintiff discontinued using the aforementioned telephone and number, and ceased to do business with T-Mobile.

10. Shortly thereafter, the Plaintiff obtained a new cellular telephone, along with a new telephone number, with services provided by a different carrier.

11. Sometime after making the switch, the Plaintiff began receiving automated telephone calls on her new cellular telephone from the Defendants.

12. Upon answering any of these calls, the Plaintiff was greeted by either: (a) a machine-operated voice advising her that the call was regarding a "personal business matter," and asking the recipient to return the call by dialing a toll-free number, or (b) a noticeable delay while the caller's telephone system attempted to connect the Plaintiff to a live operator.

13. When the Plaintiff answered any of these calls and was connected to a live operator, the operator advised that he or she was calling on behalf of Midland Funding, LLC to collect a balance owing on the Plaintiff's discontinued T-Mobile cellular telephone account.

14. Further, upon returning any of the phone calls by calling the toll-free number provided by the machine-operated voice, the Plaintiff was greeted by a recording advising that she had called Midland Credit Management, Inc.

15. Defendants' method of contacting Plaintiff is indicative of their ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008), In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

16. Since discontinuing use of her old T-Mobile cellular telephone, Defendants have called the Plaintiff's new cellular telephone dozens of times in their efforts to collect the alleged balance.

17. Plaintiff avers that in spite of numerous requests to stop Defendants' constant barrage of telephone calls, Defendants persist on calling Plaintiff's cellular telephone.

18. In sum, Defendants made numerous telephone calls to Plaintiff's cellular telephone, each of which was made using either an automatic telephone dialing system or an artificial or pre-recorded voice.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates paragraphs 1 through 18 herein.

20. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff CECILIA CALVO requests that the Court enter judgment in favor of Plaintiff and against Defendants MIDLAND FUNDING LLC and MIDLAND CREDIT MANAGEMENT, INC. for:

   a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

   b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c. a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

e. litigation expenses and costs of the instant suit; and

f. such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 31st day of July, 2012.

BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
1001 N. Federal Hwy., Ste 106
Hallandale Beach, Florida 33009
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
Bret L. Lusskin, Esq.
Florida Bar No. 28069